IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Johnny Davis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:18-cv-2831-TMC |
| v. ) | |
| ) | **ORDER** |
| Gleeson Constructors and Engineers, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant's motion for summary judgment. (ECF No. 22). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., because Plaintiff is proceeding pro se,[1] this action was referred to a magistrate judge for pretrial handling. On April 22, 2019, Defendant filed a motion for summary judgment. (ECF No. 22). The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to adequately respond. (ECF No. 24). Plaintiff did not timely respond. On June 4, 2019, the court entered a second order, which gave Plaintiff through June 24, 2019, to file his response to the motion for summary judgment. (ECF No. 29). This second order warned Plaintiff that failure to respond would result in the case being subject to dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *Id.* On June 14, 2019, the court received a letter from Plaintiff that did not address the motion for summary judgment. (ECF No. 31). In response, the court issued a third order reminding Plaintiff that he needed to respond to the motion for summary judgment by June 24, 2019, and that

---

[1] Plaintiff filed this action in state court with the assistance of counsel. (ECF No. 1-1). Defendant removed this action to federal court on October 28, 2018. (ECF No. 1). Plaintiff's attorney filed a motion to withdraw as Plaintiff's attorney, which was granted on January 29, 2019. (ECF Nos. 15, 17, 18). Pursuant to the court's order on January 29, 2019, the case was stayed for sixty days to allow Plaintiff to hire substitute counsel. (ECF No. 18). The court noted that if no attorney appeared by February 28, 2019, the court would consider Plaintiff to be continuing pro se, and the case would proceed under the current scheduling order. *Id.* To date, no attorney has appeared on behalf of Plaintiff.

failure to timely reply may result in dismissal of the case. (ECF No. 32). To date, Plaintiff has not filed a response to the motion for summary judgment. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the case for lack of prosecution. (ECF No. 34). Plaintiff was advised of his right to file objections to the Report. *Id.* at 4. However, Plaintiff filed no objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the magistrate judge's Report (ECF No. 34), which is incorporated herein by reference. Accordingly, the case is **DISMISSED *without prejudice*[*]**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

July 25, 2019
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*] The Report did not specify whether the dismissal should be with or without prejudice. The court finds it appropriate to dismiss this case *without prejudice*. The court finds that sanctions less drastic than dismissal would not suffice, as Plaintiff has ignored and failed to comply with three separate court orders. See (ECF Nos. 24, 29, 32).